IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN LAVELLE WALTON, | ) | CIVIL NO. 08-01170 HWG-SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | SCREENING ORDER DISMISSING |
| vs. | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| A. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

I.      INTRODUCTION.

On August 22, 2008, pro se Plaintiff Kevin Lavelle
Walton, a California prisoner incarcerated at Solano State Prison
("SSP") in Solano, California, brought this civil rights action
pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding in forma
pauperis.

Walton claims that, on April 9, 2007, he received court
correspondence that had been opened outside his presence.  He
filed a grievance with SSP and was told that the mail had been
opened in error.  The staff at SSP apologized for the mistake,
accepted responsibility for opening the mail, and promised to
better train mailroom employees to prevent similar errors in the
future.  Walton believes that, following this incident, mailroom
staff tampered with his mail, both by destroying legal documents
addressed to him and by sending out unauthorized habeas petitions
in his name, in retaliation for his claim about improperly opened

mail.

Walton believes the opening of his legal mail outside of his presence violates his rights under the First, Fifth, Sixth, and Fourteenth Amendments.  He also claims that the staff at SSP has violated his right to meaningful access to the courts by tampering with his mail and thereby depriving him of the opportunity to have his postconviction challenge heard.  He has identified A. Allen, the SSP staff member who responded to his original complaint, as the defendant in this case.

After reviewing the petition pursuant to 28 U.S.C. § 1915(e)(2), this court determines that Walton's Complaint does not state a claim upon which relief can be granted.  Walton has not identified any specific actions by A. Allen that deprived Walton of his constitutional rights.  Further, Walton does not allege any cognizable damage from any unauthorized opening of his mail, or describe any concrete deprivation of his right of access to the courts.  Accordingly, the Complaint is DISMISSED.  Walton is granted leave to amend his Complaint to state viable claims no later than March 9, 2009.

II.      ANALYSIS.

Because Walton has filed the present action as a pro se prisoner, this court must screen his Complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or whether it seeks monetary

2

relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

A claim may be brought under 42 U.S.C. § 1983 against one "who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  The Supreme Court has cautioned that this section "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."  <u>Baker v. McCollan</u>, 443 U.S. 137, 145 (1979).

To succeed on his claim, Walton must demonstrate "1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting under color of state law."  <u>Crumpton v. Gates</u>, 947 F.2d 1418, 1420 (9th Cir. 1991).

A.    Walton Has Not Alleged That Allen Deprived Him of Any
      <u>Rights Secured by the Constitution.</u>

Walton identifies Allen as the state actor responsible for violating his rights, given his supervisory role in the mailroom where the alleged misconduct took place.  Under § 1983, "[a] supervisor may be liable if there exists either (1) his or

her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 648 (9th Cir. 1989) (citing Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)). Supervisory officials are not vicariously liable for the actions of their subordinates. Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986). See also Monell, 436 U.S. at 691-695 (rejecting respondeat superior liability for section 1983 claims).

In his Complaint, Walton does not identify any personal involvement by Allen in the alleged constitutional violations, nor has he described any specific conduct of Allen's that was tied to the alleged violations. He has merely alleged misconduct by the mailroom staff in general and declared Allen liable. This is not sufficient to establish supervisory liability.

> B. The Opening of Walton's Court Correspondence is Not a Prima Facie Constitutional Violation.

Although SSP's mail policy identifies court correspondence as confidential mail, providing that it is not to be opened outside of the presence of the prisoner, such a policy goes above and beyond the constitutional protections afforded prisoners. The Ninth Circuit held in O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996), that a prison need not treat all mail sent from government agencies with the heightened

4

protections afforded legal mail.  As most correspondence from the
courts consists of public documents, "[m]ail from the courts, as
contrasted to mail from a prisoner's lawyer, is not legal mail."
Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).

SSP staff's inadvertent violation of prison policy
concerning opening mail was not a violation of Walton's
constitutional rights.  Further, when alerted to this violation,
SSP accepted responsibility for the error, as Walton requested,
and agreed to improve staff training on identifying confidential
mail.  Walton has not stated a federal claim for which this court
may provide additional relief.

C.   Walton Does Not Adequately Assert an Actual Deprivation
     of Access to the Courts.

To the extent Walton alleges that SSP staff tampered
with his court correspondence by withholding legal documents and
forging habeas petitions in his name, he appears to be claiming a
violation of the Fourteenth Amendment's guarantee to meaningful
access to the courts.  See Bounds v. Smith, 430 U.S. 817, 828
(1977).

Walton's allegation is not sufficient to state a claim
for deprivation of his right to access the courts for the purpose
of challenging his conviction.  The Supreme Court has determined
that all inmate claims for interference with access to the courts
must include "actual injury" as an element.  Lewis v. Casey, 518
U.S. 343, 349 (1996).  Walton has failed to include this element.

Mail from the California Superior Court indicates that Walton was denied postconviction relief in the state court on several grounds.  In its Order Denying Writ of Habeas Corpus filed on June 1, 2007, the court declared that Walton had failed to carry his burden of proof and that the nearly twelve-year lapse between his conviction and the filing of the petition was unwarranted.  Neither of these reasons for denying his petition had to do with the alleged fraudulent filing of multiple petitions in his name.

Other correspondence from the state court, on May 23, 2007, and June 5, 2007, notes that Walton abused the system by filing piecemeal and repetitious claims.  Both orders explained that Walton had failed to show a prima facie case for relief. The court cited this as an independent reason for rejecting his petitions, meaning that Walton was not denied access to the court based only on his multiple petitions, whether improperly submitted by SSP staff or not.

Nor does Walton identify a single missed deadline or opportunity to respond to the state court through the alleged destruction or theft of his court correspondence.  In his initial complaint to SSP staff, Walton noted that he had no way of knowing whether any of his court documents were missing after the unauthorized opening of his mail.  He was instructed to write to

6

the state court to ask for copies of any correspondence, as he
could not substantiate his allegations that contents were missing
from his mail.  It does not appear that Walton contacted the
state court in that regard, and his present Complaint is thus
devoid of that detail.

III.     CONCLUSION.

          Walton has not identified any constitutional violations
resulting from the unauthorized opening of his mail.  He has not
established supervisory liability for any alleged tampering with
his court correspondence or an actual deprivation of his right to
access the courts.

          Walton's Complaint is DISMISSED.  However, Walton is
granted leave to amend by March 9, 2009.  The amended complaint
must be a complete document on its own.  That is, it may not
incorporate by reference or attach the original Complaint.  If
Walton fails to amend his Complaint by March 9, 2009, the Clerk
of Court is directed to automatically enter judgment against
Walton pursuant to this order.

          Walton is further notified that dismissal of this
action for failure to state a claim will count as a "strike"
under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Pursuant
to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action
or appeal a civil judgment under 28 U.S.C. § 1915 "if the
prisoner has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 10, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Walton v. Allen; Civil No. 08-00117 HWG-SOM; SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND.